# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

CARLOS DEWAYNE FOXX                                                           PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 3:13-cv-74-CWR-FKB

MICHELLE TAYLOR and MRS. HINDS                                             DEFENDANTS

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Foxx was an inmate at the East Mississippi Correctional Facility, Meridian, Mississippi, when he filed this case pursuant to 42 U.S.C. § 1983. Compl. [1] p. 1. According to Plaintiff's change of address [5], Plaintiff is incarcerated presently in the Coahoma County Jail, Clarksdale, Mississippi. The named Defendants are Michelle Taylor and Mrs. Hinds. Compl. [1] p. 1. Upon liberal review of the Complaint [1] and subsequent pleadings, the Court has reached the following conclusion that this case will be dismissed.

### I.     Background

Plaintiff complains about a rule violation report (RVR) issued to him in June 2011. Compl. [1] p. 4. Plaintiff was found guilty of the violation and as punishment on June 22, 2011, his trusty classification was "stopped" for six months. *Id*. According to Plaintiff, his trusty classification was to "start back" on December 23, 2011, but it was not. *Id*. Plaintiff states that his original tentative release date was October 14, 2012. *Id*. Plaintiff, however, received a subsequent time sheet reflecting his tentative release date was March 9, 2014. *Id*. Plaintiff argues that there has been a "violation of MDOC procedures and policy and also [a violation of Plaintiff's] rights of being release[d]." *Id*.

Plaintiff states in his Response [16] to the Court Order [15] entered April 11, 2013, that he

was released on February 12, 2013, from East Mississippi Correctional Facility, Meridian, Mississippi, after completely serving his sentence. Plaintiff's letter and change of address [5] states that Plaintiff is incarcerated in Coahoma County Jail because of another criminal charge.

## II.     Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner civil actions that are proceeding *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court entered an Order [7] granting Plaintiff *in forma pauperis* status. Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint [1] is subject to the case screening procedures set forth in 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, the Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). As discussed, Plaintiff's request to be released is moot and furthermore, he does not present an arguable claim that his constitutional rights have been violated.

Initially, the Court notes that Plaintiff's request for release from incarceration is properly sought in a habeas corpus action and not a civil rights complaint pursuant to § 1983. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973)(holding habeas corpus is exclusive federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or

immediate release from incarceration). With that said, the Court finds that a habeas petition seeking the restoration of sentence credits to a term of imprisonment that has been completed is moot. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)(holding prisoner's appeal from the denial of a habeas petition challenging prison disciplinary infraction which sought restoration of good-time credits was moot after petitioner's release). In order to defeat mootness, Plaintiff must show that he will be subject to a future adverse consequence as a result of the disciplinary action. *Id.* Plaintiff has made no such showing. *See Watkins v. Vasquez*, 451 F. App'x 429, 430 (5th Cir. 2011) (holding prisoner's need for a favorable habeas decision invalidating his prison disciplinary conviction in order to pursue a civil rights action for damages is not sufficient to defeat mootness); *see also Adair v. Dretke,* 150 F. App'x 329, 331 (5th Cir. 2005)(dismissing appeal as moot that sought reversal of an order reinstating good-time credits finding such relief "would have no effect on either party" after the prisoner's release). Thus, Plaintiff's request for release from incarceration is denied as moot.

Moreover, Plaintiff's claims that the change in his trusty classification which resulted in a subsequent change in his release date violated his constitutional rights under the Due Process Clause does not rise to a level of constitutional deprivation. To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). This includes the loss of the opportunity to time-earning classification. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996)(holding that

3

"[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole," does not constitute a constitutionally cognizable liberty interest which triggers the protection of the Due Process Clause")(citing *Meachum v. Fano*, 427 U.S. 215, 229 n.8 (1976)). Furthermore, an inmate does not have a constitutional right to receive a certain custodial classification while incarcerated. *Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003)(finding that "this circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification"); *Wilson v. Bundey*, 976 F.2d 957, 958 (5th Cir. 1992)(citing *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.), *cert. denied*, 488 U.S. 985 (1998)(stating that a prisoner does not have a protectable liberty or property interest in his custody classification)).

Moreover, the Mississippi Supreme Court has held that "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC." *Golden v. Epps*, 958 So.2d 271, 274 n.2 (Miss. 2007)(citing Miss. Code Ann. § 47-5-138.1 (Rev. 2004)). Trusty status therefore is determined by the classification board of MDOC pursuant to Mississippi Code Annotated §§ 47-5-99 to 47-5-103 (1972), and said statutes do not create an expectation of any particular classification, *see Tubwell v. Griffin*, 742 F.2d 250, 253 (5th Cir. 1984). In sum, Plaintiff does not have a constitutionally protected right to a certain classification level while in prison.

To the extent Plaintiff is asserting that MDOC policy and procedure were violated which resulted in Plaintiff's reclassification, without more, simply does not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 210 Fed. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) (holding that "[a] violation of prison regulations, without more, does not give rise to a federal constitutional violation"); *see also Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)(finding that an inmate does not have a federally protected liberty interest in

4

having prison grievances resolved to his satisfaction).

**III.     Conclusion**

Based on the above reasons, Plaintiff's request to be released is moot and his placement in a custody level different from what he would choose for himself, does not amount to a constitutional deprivation. Therefore, this case is dismissed as legally frivolous, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice.[1] *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995)(affirming frivolous dismissal of § 1983 suit arising out of classification level); *see also Farr v. Rodriguez*, 255 Fed. App'x 925 (5th Cir. 2007)(affirming frivolous dismissal of § 1983 suit arising out of classification as a gang-member).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike." *See* 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 2nd day of August, 2013.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).